UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEREK D. FINGERS,

   Petitioner,

   v.           CAUSE NO.: 3:19-CV-132-JD-MGG

WARDEN,

   Respondent.

## OPINION AND ORDER

   Derek D. Fingers, a prisoner without a lawyer, filed a supplement to the habeas petition. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). Though Fingers did not have leave to amend his petition, the court will construe the proposed supplement as including a request for leave and will consider whether leave should be granted.

   To start, the local rules provide that parties seeking to amend a petition must submit a copy of the proposed amended petition in its entirety; the local rules also prohibit parties from amending the petition in a piecemeal fashion. N.D. Ind. L.R. 15-1.

Fingers' attempt to amend his petition in a piecemeal manner violates this local rule, and he may not amend his petition in this manner.

Additionally, allowing Fingers to proceed on the proposed additional claim would be futile. In the proposed supplement, Fingers asserts that the State of Indiana violated his rights under the First and Fourteenth Amendment for failing to provide an avenue for challenging prison disciplinary proceedings in State court. However, the Constitution does not require States to provide inmates with a grievance process or with post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (no constitutional right to post-conviction relief); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (no constitutional right to a grievance process). Moreover, the right to challenge disciplinary findings in State court is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Therefore, even if Fingers had complied with the local rules, this claim would have been dismissed for lack of merit.

For these reasons, the court:

(1) DENIES the request for leave to supplement the complaint; and

(2) DIRECTS the clerk to edit ECF 12 to indicate that it is a Proposed Amended Petition.

SO ORDERED on May 15, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT