UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEREK D. FINGERS,

Petitioner,

v.                                                           CAUSE NO.: 3:19-CV-132-JD-MGG

WARDEN,

Respondent.

OPINION AND ORDER

Derek D. Fingers, a prisoner without a lawyer, filed a habeas corpus petition

challenging the disciplinary decision (MCF 18-11-283) at the Miami Correctional Facility

in which a disciplinary hearing officer (DHO) found him guilty of improperly placing

body fluid or fecal waste in violation of Indiana Department of Correction Offense 123.

Following a disciplinary hearing, Fingers was sanctioned with a loss of one hundred

eighty days earning credit time.

Fingers argues that he is entitled to habeas relief because he was denied the right

to request his medical records as evidence when correctional staff refused to screen him

and was not allowed to present them at the disciplinary hearing. He states that the

medical records were necessary to demonstrate that his misconduct was the result of his

mental condition. He further states that the disciplinary officers did not support the

determination that his misconduct was not the result of his mental illness with

evidence. For his arguments, Fingers references the departmental policy on disciplinary

procedures, which requires the disciplinary reviewing officer to:

Review the Mental Health Code. If this Code indicates that the offender has a mental illness, the Disciplinary Review Officer shall contact the Mental Health Professional of the facility. If, after consultation with the Mental Health Department, the Disciplinary Review Officer determines that the incident was a result of the offender's mental illness, the offender shall receive a written reprimand documenting the behavior. If the incident is determined to not be a result of the offender's mental illness, the case shall proceed normally.

Indiana Department of Correction, Disciplinary Code for Adult Offenders, Policy No. 02-04-101, available at https://www.in.gov/idoc/files/02-04-101_The_Disciplinary _Code_for_Adult_Offenders___6-1-2015.pdf. Before screening, a mental health counselor advised the screening officer that the incident was not the result of mental illness, and a disciplinary hearing was scheduled. ECF 17-3; ECF 17-5.

To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Procedural due process also requires prison disciplinary officials to disclose material exculpatory evidence to the charged offenders." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir. 2007). "However, prison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Id.* Moreover, the right to challenge a prehearing determination on the effects of mental illness is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)).

Fingers was found guilty of Offense 123, which is defined by departmental policy as "placing body fluid or fecal waste in a location unintended for the hygienic disposal of body fluid or fecal waste and/or placing body fluid or fecal waste in a location with the intent that another person will touch or otherwise come in contact with the body fluid or fecal waste." Indiana Department of Correction, Adult Disciplinary Process, https://www.in.gov/idoc/files/02-04-101%20Appendix %20I%206-4-2018.pdf. The administrative record included the disciplinary report, which states that a correctional officer observed Fingers throwing body fluid and fecal waste at his cell door and window. ECF 17-1. It also included photographs to corroborate the disciplinary report. ECF 17-2.

Notably, Fingers' medical records were not relevant to the determination at the hearing about whether he was guilty but instead were relevant to a pre-hearing determination of whether his conduct was the result of mental health illness. The administrative record indicates that correctional staff followed departmental policy with respect to this determination and relied on the findings of medical staff. ECF 17-5. Even if they did not, the failure to follow departmental policy does not rise to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Moreover, because the medical records were not relevant to the charged offense, Fingers was not entitled to present them at the disciplinary hearing. Finally, the administrative record contained ample evidence of

Finger's guilt. Therefore, Finger's claims that he was not allowed to present his medical records as evidence and that the disciplinary officers did not support the determination that his misconduct was not the result of his mental illness with evidence are not a basis for habeas relief.

Fingers argues that he is entitled to habeas relief because the conditions of his confinement at the time he committed the offense violated his Eighth Amendment rights. Even if the Fingers' constitutional rights were violated at the time of the offense, he would not be entitled to violate the disciplinary code with impunity. *See e.g., United States v. Crews*, 445 U.S. 463, 474 (1980) (unlawful arrest does not immunize criminal defendant from prosecution); *Brooks v. City of Aurora, Ill.*, 653 F.3d 478, 484 (7th Cir. 2011) (resisting even an unlawful arrest attempt can constitute probable cause for subsequent arrest). Nor does this allegation undermine the hearing officer's finding that Fingers committed the offense. Therefore, the argument that Fingers committed the offense due to poor housing conditions is a not a basis for habeas relief.

Fingers also filed a motion to reconsider the order denying the motion for the production of documents. In this motion, Fingers asks for his mental health records and thirty-four volumes of the evidence filed in *Indiana Protection and Advocacy Services Commission v. the Commissioner of the Indiana Department of Correction*, 1:08-cv-1317 (S.D. Ind. filed Oct. 1, 2008), a class action case regarding the department's treatment of inmates with mental illness. These documents are not relevant to the claims in the habeas petition nor would they assist the court in resolving them. Therefore, this motion is denied.

Because Fingers has not asserted a valid claim for habeas relief, the habeas petition is denied. If Fingers wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DENIES the motion to reconsider (ECF 18);

(3) DIRECTS the clerk to enter judgment and close this case; and

(4) DENIES Derek D. Fingers leave to proceed in forma pauperis on appeal.

SO ORDERED on July 3, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT